Mary Jo O'Neill, AZ Bar No. 005924
Sally C. Shanley, AZ Bar No. 012251
P. David Lopez, DC Bar No. 426463
Valerie L. Meyer, CA Bar. No. 228586
**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION,** Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona  85012-2504
Telephone:  (602) 640-5016
Fax:  (602) 640-5009
E-mail:    mary.oneill@eeoc.gov
              sally.shanley@eeoc.gov
              patrick.lopez@eeoc.gov
              valerie.meyer@eeoc.gov
Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, vs. AUTOMATED CONTROL TECHNOLOGIES, LLC, an Arizona Limited Liability Company, Defendant. | Case No.: CV<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct the unlawful employment practice of retaliation, and to provide appropriate relief to Paul Frank, who was adversely affected by such practices during his employment by Automated Control Technologies, LLC ("ACT").  The Commission alleges that Defendant retaliated against Paul Frank when it terminated his employment because he opposed the unlawful employment practices of Defendant by complaining of race discrimination on at least two occasions.

//

//

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (f)(1) and(3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

**PARTIES**

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant ACT, an Arizona Limited Liability Company,  has continuously been doing business in the State of Arizona, including the City of Tempe, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant ACT has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**STATEMENT OF CLAIMS**

6.      More than thirty days prior to the institution of this lawsuit, Paul Frank filed a charge with the Commission alleging violations of Title VII by Defendant ACT. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least October 2006, Defendant ACT has engaged in unlawful retaliatory employment practices at its Tempe, Arizona facility in violation of 704(a) of Title VII, 42 U.S.C. §§2000e-3(a).  These practices include:

a.  On or about October 24, 2006, Paul Frank complained to Defendant ACT's Comptroller that he had been subjected to discriminatory comments and/or racial slurs, including "nigger" and "boy," by a co-worker.

b.  On or about November 8, 2006, Paul Frank complained to Defendant ACT's Comptroller that he had been subjected to further discriminatory comments.

c.  On or about November 10, 2006, Defendant ACT terminated the employment of Paul Frank because he expressed opposition to and made complaints about unlawful employment practices.

8.      The effect of the practices complained of in paragraph 7 above has been to deprive Paul Frank of equal employment opportunities and otherwise adversely affect his status as an employee because of his opposition to unlawful employment practices.

9.      The unlawful employment practices complained of in paragraph 7 above were intentional.

10.     The unlawful employment practices complained of in paragraph 7 above were done with malice and/or with reckless indifference to the federally protected rights of Paul Frank.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant ACT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates or retaliates against any individual because of the individual's opposition to perceived unlawful employment practices and/or because the individual filed a charge, testified, assisted, or participated in an investigation or proceeding under Title VII.

B.      Order Defendant ACT to institute and carry out policies, practices, and programs which provide equal employment opportunities for those who oppose unlawful employment practices and/or file charges, testify, assist or participate in an investigation

or proceeding under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant ACT to make whole Paul Frank, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement.

D.     Order Defendant ACT to make whole Paul Frank, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 through 10 above, in amounts to be determined at trial.

E.     Order Defendant ACT to make whole Paul Frank, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 through 10 above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.     Order Defendant ACT to pay Paul Frank punitive damages for its malicious and reckless conduct described in paragraphs 7 through 10 above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 15th day of May, 2008.

RONALD COOPER
General Counsel

GWENDOLYN REAMS
Associate General Counsel

-4-

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, NW
Washington, D.C.  20507


 s/ Mary Jo O'Neill
MARY JO O'NEILL
Regional Attorney

 s/ Sally C. Shanley
SALLY C. SHANLEY
Supervisory Trial Attorney

s/P. David Lopez
P. DAVID LOPEZ
Trial Attorney

 s/ Valerie L. Meyer
VALERIE L. MEYER
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012

Attorneys for Plaintiff